03-00073
USDC RI
Judge Lisi

MANDATE

# United States Court of Appeals
## For the First Circuit

---

No. 04-2259

ANDREW PORA,

Plaintiff, Appellant,

v.

LOCAL UNION 4543,
UNITED STEELWORKERS OF AMERICA,

Defendant, Appellee.

---

Before

Boudin, Chief Judge,
Torruella and Lynch, Circuit Judges.

---

JUDGMENT

Entered: May 5, 2005

Andrew Pora appeals from the district court's grant of summary judgment in favor of the defendant, Local Union 4543 of the United Steelworkers of America (the "Union"), and denial of his motion for summary judgment against the Union.[1] Pora argues that the Union breached its duty of fair representation by withdrawing, before arbitration, his 2000 grievance challenging the company's distribution of overtime opportunities to employees in its Maintenance Department on the basis of the employee's shift.

Based on our careful, *de novo* review of the record and the

---

[1] Also, in a motion entitled "Plaintiff Concerns," Pora requests an oral argument. We find that oral argument is unnecessary in this case, since the facts and legal contentions are adequately presented in the materials before us and argument would not help us to make our decision. See Fed. R. App. P. 34(a)(2).

parties' briefs, we conclude that Pora has failed to raise a genuine issue as to whether the Union breached its duty of fair representation. The 1996 Overtime Guidelines, which were adopted pursuant to the collective bargaining agreement still in effect at the time of Pora's grievance, expressly permit the distribution of overtime "by shift." From this and the remainder of the evidence presented, no reasonable jury could find that Pora had a meritorious grievance that was handled by the Union in a perfunctory manner, or that the Union's conduct toward Pora was otherwise arbitrary, discriminatory, or in bad faith. See Plumley v. Southern Container, Inc., 303 F.3d 364, 375 (1st Cir. 2002); Vaca v. Sipes, 386 U.S. 171, 190-92 (1967).

We note that Pora has stated that the district court "ruled on the basis that the Statute of Limitations barred evidence that referred to [his] argument that the Union breached the Duty of Fair Representation." Pora misunderstands the district court's reasoning. In its Memorandum and Order of August 18, 2004, the district court reasoned that, to the extent that Pora claims that the Union breached its duty of fair representation when it agreed, in 1996, to overtime guidelines permitting distribution of overtime "by shift," his claim is time-barred. But the district court did not reason that the statute of limitations similarly barred Pora's claim that the Union breached its duty of fair representation when it withdrew his 2000 grievance before arbitration. Instead, the district court addressed the merits of the claim. In so doing, the district court did not in any way indicate that the statute of limitations precluded its consideration of any item of summary judgment evidence relating to the Union's handling of Pora's 2000 grievance.

The district court's judgment is affirmed. The request for oral argument is denied.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

M. Kuel

Deputy Clerk

Date: 6/21/05

By the Court:

Richard Cushing Donovan, Clerk.

MARGARET CARTER

By: ____________________________

Chief Deputy Clerk.

[cc: Andrew Pora, Richard M. Pierce, Esq., James A. Musgrave, Esq.]